UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON M. SACK,

    Plaintiff,

vs.                                    Case No.: _____

HOST AMERICA CORPORATION,

    Defendant.         /

## COMPLAINT

Plaintiff, BURTON M. SACK, by and through his undersigned attorneys, sues Defendant, HOST AMERICA CORPORATION, and alleges that:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of $75,000.00.

2.     Plaintiff is of majority and a resident of Sarasota County, Florida.

3.     Defendant is a Colorado corporation with its principal place of business in Connecticut.

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(2). Also, the promissory note that is the subject matter of this cause provides that this Court (along with Sarasota County Circuit Court) is the exclusive, proper and convenient venue.

6.     On or about December 9, 2005 Defendant executed and delivered a promissory note, a copy of which is attached hereto, to Plaintiff in Sarasota

County, Florida.

7. Plaintiff owns and holds the promissory note.

8. The promissory note is in default as the payment due thereunder on June 15, 2006 and all subsequent payments have not been paid.

9. Plaintiff declares the full amount payable under the promissory note to be immediately due.

10. Defendant owes Plaintiff $293,890.47 that is due with interest since May 15, 2006 on the promissory note.

11. Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

12. All conditions precedent necessary to the maintenance of this cause of action have occurred, been performed, excused or waived.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, costs, reasonable attorney's fees and such other relief as the Court deems proper under the circumstances.

STEPHEN J. WEIN, ESQ.
Fla. Bar No: 212814
Battaglia, Ross, Dicus & Wein, P.A.
980 Tyrone Boulevard
P.O. Box 41100
St. Petersburg, Florida 33743-1100
Tel: 727-381-2300
Fax: 727-343-4059
Email: swein@brdwlaw.com
ATTORNEYS FOR PLAINTIFF

06-0413/423265

## SUBORDINATED PROMISSORY NOTE

$371,230.07                                                                   Hamden, Connecticut
                                                                                                                  December 9, 2005

      FOR VALUE RECEIVED, **HOST AMERICA CORPORATION**, a Colorado corporation with a place of business in Hamden, Connecticut (the "**Maker**"), promises to pay to **BURTON M. SACK**, an individual residing in the State of Florida ("**Payee**"), the principal sum of THREE HUNDRED SEVENTY ONE THOUSAND TWO HUNDRED THIRTY DOLLARS AND SEVEN CENTS ($371,230.07), together with interest on the outstanding balance hereof before and after maturity, at the rate hereinafter set forth until this Note shall have been fully paid, all as hereinafter provided.

      The from time to time outstanding balance hereof shall bear interest at a rate per annum equal to a fixed rate of eight and one half of one percent (8.5%); provided, however, that should the Prime Rate ever exceed eight and one half of one percent (8.5%), the from time to time outstanding balance hereof shall bear interest at a rate per annum equal to the Prime Rate (collectively, the "Rate"). The Prime Rate will be based on the rate published in the Wall Street Journal, Eastern Edition, under the heading "Money Rates" and shown as the Prime Rate. If applicable, the Rate hereunder shall change simultaneously with each change in the Prime Rate without notice or demand of any kind.

      Commencing on January 15, 2006, and on the same day of each and every month thereafter, Maker shall make the **greater** of (i) payments of principal in the amount of $15,467.92, each such payment to be accompanied by a payment of interest in arrears on the unpaid balance hereof at the Rate(s) aforesaid, calculated based on a year of three hundred sixty (360) days but for the actual number of days elapsed; **or** (ii) the Net Sales Amount. For purposes of this Agreement the "Net Sales Amount" shall be twenty (20%) percent of the gross sales of Maker's light controller products (less returns, allowances, returns, freight out, discounts and the like), the proceeds of which are actually received by Host, and/or its subsidiaries. Any monthly payments hereunder based on the Net Sales Amount which are in excess of the amount described in (i) shall prepay the outstanding principal balance due under this Note.

      On December 15, 2007, the entire unpaid principal balance of this Note, together with accrued and unpaid interest hereon shall become due and payable without notice or demand.

      This Note may be prepaid in whole or in part during the term hereof without prepayment penalty or fee. All payments made hereunder shall be applied as follows: (a) first, against accrued interest then due and owing; (b) next, to costs, expenses and attorneys' fees due and payable to Payee pursuant to this Note and any document, instrument or agreement executed in connection therewith; and (c) thereafter, against the principal installments due hereunder, except for prepayments, which shall be applied against the principal installments in inverse order of their due dates. The making of

1

any prepayment shall not relieve Maker from the obligation to make the payments next due hereunder on a timely basis.

The entire principal balance hereof together with all accrued interest due shall, at Payee's sole option, become immediately due and payable upon the occurrence of any of the following Events of Default:

1. Any assignment by Maker for the benefit of creditors.

2. Any filing voluntarily by Maker of a petition for the adjudication of Maker as an insolvent or bankrupt.

3. Any involuntary filing by another person against Maker of a petition for the adjudication of Maker as an insolvent or bankrupt and Maker does not immediately act and diligently pursue the appropriate legal remedies to have such petition dismissed, and such petition is not dismissed within ninety (90) days from the date of such filing.

4. The use of any insolvency act by Maker.

5. The reorganization or rearrangement of Maker under any provision of federal or state bankruptcy laws then in force and effect.

6. The appointment of any receiver or trustee in any insolvency proceedings for Maker.

7. The filing of any petition for, or consent to, any of the foregoing by Maker.

8. The filing by Maker of a petition to liquidate Maker.

9. Payee's failure to receive in full within ten (10) days after its due date any amount which shall be due and payable hereunder.

If Maker on at least two (2) separate occasions fails to pay within thirty (30) days after its due date any regularly scheduled principal or interest payment hereunder, the Rate shall increase by two percent (2%) for the remaining term of this Note and this Note shall continue in full force and effect. If Maker thereafter on at least two (2) additional separate occasions fails to pay within thirty (30) days after its due date any regularly scheduled principal or interest payment hereunder, the Rate shall increase to eighteen percent (18%) for the remaining term of this Note and this Note shall continue in full force and effect.

Repayment of this Note is guaranteed pursuant to Guaranty Agreements executed and delivered by each of Scott Feldhacker and Charlie Stevenson.

Maker hereby waives presentment, demand, protest, notice of nonpayment, dishonor, and protest and all notices of every kind.

Maker agrees that if this Note becomes in default and is placed in the hands of an attorney for collection, to pay the costs of collection, including reasonable attorneys' and accountants' fees and similar costs, any costs of mediation and/or arbitration, trial, and appellate review, whether by appeal, certiorari, or other appellate remedies, and all expenses in connection with the protection or realization of the collateral securing this Note or the enforcement hereof incurred by the holder hereof on account of such collection.

No single or partial exercise of any power hereunder or under any instrument or agreement securing or guaranteeing this Note shall preclude other or further exercises thereof or the exercise of any other power. The holder hereof shall at all times after an uncured default hereunder have the right to proceed against any portion of the security for this Note in such order and in such manner as the holder may deem fit, without waiving any rights with respect to any other security or guaranty. No delay or omission on the part of the holder hereof in exercising any right hereunder shall operate as a waiver of such right or of any right under this Note. A waiver or release with respect to any one event shall not be construed as continuing as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to any subsequent event.

This Note, while in default, shall accrue interest at the rate of two percent (2%) in excess of the rate otherwise accruing hereunder.

If at any time any federal, state, county or municipal government or agency thereof shall impose any documentary stamp tax, intangible tax or any other type of tax upon this Note or the indebtedness evidenced hereby (other than any federal, state or local income tax imposed upon Payee), then Maker shall pay same within ten (10) days after demand by Payee, together with any interest and penalties thereon.

The undersigned does not intend or expect to pay, nor does the holder hereof intend or expect to charge, accept or collect any interest greater than the highest lawful rate of interest which may legally be charged from time to time under the laws of the State of Florida. In the event that it should be determined that the interest paid or due under this Note has or should result in a computation or earning of interest in excess of the highest lawful rate permitted by law from time to time, any and all excess shall be waived by the holder and any and all excess interest so paid shall be automatically credited against the unpaid principal balance thereof as of the date paid or refunded to the undersigned to the extent it exceeds such unpaid principal balance and the undersigned shall not be liable to pay any excess interest due or thereafter due upon this Note.

This Note shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida. Each party consents and agrees that Sarasota County, Florida, shall be the exclusive, proper, and convenient venue for any legal proceeding in federal or state court relating to this Note, and each of them waives any defense, whether asserted in motion or pleading, that Sarasota County, Florida is an improper or inconvenient venue.

This Note is issued under and pursuant to the terms of a Sale and Assignment Agreement of even date (the "Agreement") by and among the Maker and the Payee, which Agreement is in the possession of the Payee.

**This indebtedness represented hereby and referenced herein is subordinated in right of payment to the prior irrevocable payment in full of all indebtedness owed by the Maker to Laurus Master Fund, Ltd. and/or such other lender or lenders as shall provide replacement or additional financing to the Maker.**

HOST AMERICA CORPORATION,<br>
A Connecticut corporation<br><br>
By: _____<br>
Name: David Murphy<br>
Title: Acting President

T:\host america\Note (Burton Sack).doc

4